IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM BAILEY, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-007-WHA |
| | ) | |
| TONY PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief initially filed *pro se* by James William Bailey, IV, ("Bailey").  In this petition, Bailey challenges a conviction for murder imposed upon him by the Circuit Court of Henry County, Alabama on November 19, 2008.  On December 19, 2008, the trial court sentenced Bailey as a habitual offender to life imprisonment without parole.

On February 11, 2016, the undersigned entered a Recommendation that the petition be denied and this case dismissed.  On February 23, 2016, counsel filed a notice of appearance on behalf of Bailey.  Subsequently, counsel presented various items of newly discovered evidence in an effort to establish Bailey's actual innocence.  She also presented newly discovered evidence of prosecutorial conduct regarding the alleged withholding of exculpatory evidence.  It is undisputed that none of the newly discovered evidence or claims related to such evidence have been presented to the state courts for review.  Specifically, Bailey concedes that he has not filed a successive state post-conviction as

permitted by Rule 32.2(b)(2), Ala.R.Cr. P., where, as in this case, the relief is sought "within six (6) months after the discovery of the newly discovered materials facts[.]" Rule 32.2(c).[1]  In their responses to Bailey's claims based on newly discovered evidence, the respondents argue that Bailey must first exhaust these claims in the state courts by raising such claims via the remedy afforded under Rule 32.

Based on the foregoing, the court entered an order allowing Bailey an opportunity to demonstrate why his claims related to newly discovered evidence should not first be presented to the state courts for review.  *Doc. No. 53*.  In his responses to the exhaustion argument, Bailey asserts he prefers that this court address the claims of actual innocence and prosecutorial misconduct arising from the newly discovered evidence because he does not believe the state courts will provide him a fair review of these claims.

## II.  DISCUSSION

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *Holland v. Florida*, 560 U.S. 631, 648 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies[.]").  "An applicant shall not be deemed to have exhausted the remedies available [to him] in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  "The exhaustion doctrine is principally designed to protect the state

---

[1]  All of the newly discovered evidence has come into counsel's possession since February 23, 2016.  *See Doc. No. 33* at 3.

courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings…. Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had the opportunity to pass upon the matter." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (internal citation, quotations omitted and footnote omitted). The Court therefore determined that "[a] rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id*. at 418-419. Finally, the Court emphasized that the habeas statute "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you have taken each one to state court." *Id*. at 420.

In order to properly exhaust state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief through one "complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Doorbal v. Department of Corrections*, 572 F.3d 1222, 1229 (11th Cir. 2009) ("A state prisoner may not seek federal habeas review unless he has 'exhausted the remedies available in the courts of the State' … [because he] 'must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a

3

habeas petition.'"), quoting *Cone v. Bell*, 556 U.S. 449, 467 (2009) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Pearson v. Secretary, Dept. of Corrections*, 273 F. App'x. 847, 849-850 (2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right."), quoting *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995).

> It is consistent with [the principles of comity, finality and federalism] to give effect to Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus, while recognizing the statute does not equate prisoners who exercise diligence in pursuing their claims with those who do not. Principles of exhaustion are premised upon recognition by Congress and the Court that state judiciaries have the duty and competence to vindicate rights secured by the Constitution in state criminal proceedings. Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. "Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. Yet comity is not served by saying a prisoner "has failed to develop the factual basis of a claim" where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e)(2).

*Williams v. Taylor*, 529 U.S. 420, 437-437 (2000).

Bailey acknowledges that he has not sought relief available to him under Rule 32 of the Alabama Rules of Criminal Procedure with respect to his claims of actual innocence

and prosecutorial conduct premised upon newly discovered evidence.  It is clear that Bailey acting with diligence could present these claims to the state courts via the post-conviction remedy provided by Rule 32.  Bailey, however, requests that this court ignore his failure to exhaust state remedies and address the merits of his claims based on newly discovered evidence solely because he believes this court will provide a more favorable forum for review of his claims.  This assertion is not persuasive.  Although the law is well settled that "[f]utility of exhaustion is recognized ... as an exception to the exhaustion requirement of § 2254(b)[,]" *Howard v. Davis*, 815 F.2d 1429, 1430 (11th Cir.), *cert. denied*, 484 U.S. 864 (1987), Bailey's assertion of futility is nothing more than his personal perception of futility. This purely non-objective perception of futility does not exempt Bailey from the exhaustion requirements of 28 U.S.C. § 2254.  *See Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003) ("[P]erceived futility is no exception to the exhaustion requirement contained in 28 U.S.C. § 2254."); *Engle v. Isaac*, 456 U.S. 107, 130 (1982) (holding that a state prisoner with a claim he "believes will find favor in the federal courts ... may not bypass the state courts simply because he thinks they will be unsympathetic to the claim").

Upon review of the documents submitted by the parties, the court finds that Bailey has failed to properly exhaust an available state court remedy with respect to those claims arising from newly discovered evidence.  In addition, Bailey has failed to establish that the state court remedy is unavailable or that such remedy is ineffective.  Consequently, this court does not deem it appropriate to rule on the merits of Bailey's claims related to newly discovered evidence without first requiring that he exhaust these claims through the state court remedy provided by Rule 32 of the Alabama Rules of Criminal Procedure.  *See* 28

U.S.C. § 2254(1)(b)(2).  Under the circumstances set forth herein, the court further finds that a stay of this case is appropriate pending the outcome of any state court proceedings initiated by Bailey on claims relative to newly discovered evidence as he has established "good cause" for his failure to previously exhaust these claims in prior state court proceedings.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The petitioner's Motion to Stay Proceedings (Doc. No. 37) be GRANTED.

2.      The proceedings before this court be STAYED pending exhaustion of the available state court remedy with respect to the petitioner's claims of actual innocence and prosecutorial misconduct based on newly discovered evidence.

3.      The Clerk be DIRECTED to administratively CLOSE this case pending exhaustion of the petitioner's available state court remedy for those claims related to newly discovered evidence.[2]

It is further ORDERED that on or before July 13, 2016 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo

---

[2]  The parties shall immediately advise the court upon Bailey's exhaustion of the remedy provided by Rule 32, A.R.Cr.P.

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of June, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE